**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Daniel Casanova

v. Case No. 21-cv-851-PB

N.H. State Prison Corrections Officer
FNU Ramos et al.

**REPORT AND RECOMMENDATION ON DEFENDANT NUNEZ'S SECOND MOTION FOR SUMMARY JUDGMENT**

Pro se plaintiff Daniel Casanova ("Casanova"), who is presently incarcerated at the Northern New Hampshire Correctional Facility, brought this civil rights action, pursuant to 42 U.S.C. § 1983 and New Hampshire state law, against two corrections officers and two nurses at the New Hampshire State Prison for Men ("NHSP"). On February 20, 2024, the court granted the defendants' motion for summary judgment with respect to all of Casanova's federal claims but denied the motion, without prejudice, with respect to his state law claims against defendant Corporal Fernando Nunez ("Nunez") for assault and for battery. The court then granted Nunez leave to file a supplemental motion for summary judgment with respect to jurisdictional issues.

The matter is presently before the court on "Defendant Nunez's Second Motion for Summary Judgment" (Doc. No. 112). By his motion, Nunez argues that the court has dismissed all of the federal claims upon which its original subject matter jurisdiction was based, and that there is no diversity of citizenship. He further argues that the court should decline to exercise supplemental jurisdiction over the remaining state law claims because it would not serve the interests of comity, judicial economy, convenience, or fairness for the court to maintain jurisdiction over those claims. For the reasons that follow, this court finds the defendant's arguments persuasive. Therefore, the magistrate judge recommends that Nunez's second motion

for summary judgment be GRANTED and that the state law claims be dismissed without prejudice to the plaintiff's ability to refile them in state court.

**BACKGROUND**

This case arises out of an incident that occurred on October 15, 2021, while Casanova was incarcerated at the NHSP. Casanova alleges that on that date, Nunez, a Corrections Officer ("CO") at the prison, pulled Casanova's feet out from under him and threw him to the ground while handcuffed, causing him to break his arm and sustain other serious injuries. He also alleges that in the immediate aftermath of the incident, two NHSP nurses refused to provide him with adequate medical treatment and a second CO added to his injuries by twisting his arms while removing him from his cell, despite having knowledge of the plaintiff's physical condition. On October 25, 2021, Casanova filed the instant action again Nunez, the two nurses, and the second CO. By his complaint, Casanova asserted claims against all of the defendants, pursuant to 42 U.S.C. § 1983, for violations of his Eighth Amendment rights. He also asserted claims against Nunez for assault and for battery under New Hampshire state law.

In July 2023, the defendants moved for summary judgment on all of the plaintiff's claims. On February 20, 2024, the court issued an order granting the defendants' motion for summary judgment with respect to Casanova's federal law claims but denying the motion with respect to his claims for assault and for battery against Nunez. Under 28 U.S.C. § 1367, "district courts may decline to exercise supplemental jurisdiction over a claim" if "the district court has dismissed all claims over which it has original jurisdiction[.]" Id. § 1367(c). Accordingly, the summary judgment ruling raised a question as to whether dismissal of the federal law claims deprived the court of original jurisdiction over this action or whether there may be diversity jurisdiction. See Industria Lechera de P.R., Inc. v. Beiró, 989 F.3d 116, 120 (1st Cir. 2021) ("Federal courts 'have

an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.'" (quoting Hertz Corp. v. Friend, 559 U.S. 77, 94 (2010)). It also raised a question as to whether the court should continue to exercise supplemental jurisdiction over the remaining state law claims in the event no diversity jurisdiction exists. In an order dated February 27, 2024, this court directed the parties to produce evidence regarding the states in which they were domiciled on the date Casanova filed this lawsuit and provided Nunez with an opportunity to file a second motion for summary judgment addressing the question of jurisdiction. On March 22, 2024, Nunez filed the instant motion for summary judgment.

## DISCUSSION

### I. Lack of Original Jurisdiction

"Federal courts have [original] jurisdiction over two general types of cases: cases that aris[e] under federal law and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." Id. (second alteration in original; quotation marks and citations omitted). Where, as here, the federal claims have been dismissed, "the only possible basis for [original] subject-matter jurisdiction in this court is diversity of citizenship." Portes v. Masferrer, No. 16-cv-393-JL, 2018 WL 3340371, at *2, 2018 U.S. Dist. LEXIS 15498, at *4 (D.N.H. May 29, 2018), adopted by 2018 WL 3339525, 2018 U.S. Dist. LEXIS 112522 (D.N.H. July 6, 2018). Accordingly, this court must address whether diversity jurisdiction exists here.

Diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). "For purposes of diversity, a person is a citizen of the state in which he is domiciled[,]" and "[a] person's domicile is the place where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." Aponte-

Dávila v. Mun. of Caguas, 828 F.3d 40, 46 (1st Cir. 2016) (quotation marks and citations omitted). "Once challenged, the party invoking diversity jurisdiction must prove domicile by a preponderance of the evidence." Id. (quotation marks and citations omitted). This "requires two showings: (1) physical presence in a place, and (2) the intent to make that place one's own." Id. (quotation marks and citations omitted).

"Domicile is determined at the time the suit is filed." Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010) (per curiam). "In cases involving prisoners, the courts presume that the prisoner remains a citizen of the state where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state." Id. In this case, the record before the court indicates that both Casanova and Nunez were domiciled in New Hampshire at the time Casanova filed this lawsuit on October 25, 2021.

The available evidence suggests that Casanova was a citizen of New Hampshire prior to his incarceration. See Doc. No. 111 (stating that Casanova was living in Nashua, New Hampshire prior to his incarceration in 2011); Casanova v. Seusing, No. 12-cv-43-SM, 2012 WL 2013409, at *1, 2012 U.S. Dist. LEXIS 71581, at *2 (D.N.H. June 5, 2012) (indicating that Casanova was arrested and charged in New Hampshire). Additionally, Casanova has presented no evidence to suggest that he has ties to another state or intends to live elsewhere following his release from prison. Furthermore, Casanova did not allege diversity jurisdiction in his complaint, did not file a disclosure statement pursuant to Rule 7.1 of the Federal Rules of Civil Procedure,[1] and does not dispute Nunez's argument that both parties were domiciled in New Hampshire at the time he filed

[1] Rule 7.1 of the Federal Rules of Civil Procedure provides in relevant part that "[i]n an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party . . . must, unless the court orders otherwise, file a disclosure statement. The statement must name – and identify the citizenship of – every individual or entity whose citizenship is attributed to that party . . . when the action is filed in or removed to federal court[.]" Fed. R. Civ. P. 7.1(a)(2).

this lawsuit. Therefore, Casanova "is presumed to be a citizen of New Hampshire for purposes of establishing domicile." Hall v. Clark, No. 08-cv-465-SM, 2009 WL 1360476, at *2 (D.N.H. May 14, 2009) (party was presumed to be a New Hampshire citizen for purposes of domicile where record indicated he was a citizen of New Hampshire prior to his incarceration and he expressed no intent to remain in New York where he was incarcerated following his transfer from New Hampshire).

The record also establishes that Nunez was a citizen of New Hampshire at all relevant times. In response to the court's February 27, 2024 order, Nunez filed a Statement of Domicile in which he asserted that he was domiciled in New Hampshire at the time Casanova filed this action on October 25, 2021. Doc. No. 109. He also filed a separate document describing his "status on October 25, 2021." Doc. No. 110 ¶ 1. Therein, Nunez indicated that at the time this action began, he was residing and working in New Hampshire, maintained all of his real and personal property in New Hampshire, was paying taxes in New Hampshire, and had his car registered in New Hampshire. Doc. No. 110. All of these factors, which are undisputed, support Nunez's assertion that he was a citizen of New Hampshire and therefore domiciled here at all times relevant to the diversity analysis. See Aponte-Dávila, 828 F.3d at 46 ("factors that are relevant to determining a party's domicile" include, among others, the party's "current residence;" "location of personal and real property;" "place of employment or business;" "automobile registration;" and "payment of taxes" (quotation marks and citations omitted)). Because the record indicates that both parties were citizens of New Hampshire, there is no basis for diversity jurisdiction in this case.

## II. Whether the Court Should Exercise Supplemental Jurisdiction

Because there is no diversity jurisdiction, Casanova's state law claims against Nunez are in this court "solely as a result of the district court's exercise of supplemental jurisdiction." Zell

v. Ricci, 957 F.3d 1, 15 (1st Cir. 2020). The First Circuit has held that "when all federal claims have been dismissed, it is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims unless doing so would serve 'the interests of fairness, judicial economy, convenience, and comity.'" Id. (quoting Wilbur v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017)) (additional quotation marks and citation omitted). "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Borrás-Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 37 (1st Cir. 2020) (alteration in original) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

This case is still in its early stages. The only discovery that has occurred to date has been limited to the issue whether Casanova exhausted his administrative remedies before filing this lawsuit, as required by the Prison Litigation Reform Act ("PLRA"). See Doc. No. 80. Additionally, the court's ruling on the defendants' July 2023 motion for summary judgment was directed to the issue of PLRA exhaustion. This court has yet to issue a scheduling order authorizing discovery related to the merits of Casanova's state law claims against Nunez or setting any other deadlines for the resolution of those claims. See id. at 2. Nor have the court and the parties had an opportunity to address the merits of the state law claim in connection with any motions for summary judgment. Accordingly, the proper course is for the court to decline to exercise supplemental jurisdiction over the claims against Nunez for assault and for battery, and to dismiss those claims without prejudice to Casanova's ability to refile them in New Hampshire state court.

## CONCLUSION

For all the reasons described herein, the magistrate judge recommends that "Defendant Nunez's Second Motion for Summary Judgment" (Doc. No. 112) be GRANTED and that

Casanova's state law claims against Nunez be dismissed without prejudice to the plaintiff's ability to refile those claims in state court. The clerk's office should then enter judgment and close this case.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).

Andrea K. Johnstone
United States Magistrate Judge

July 1, 2024

cc: Daniel Casanova, pro se
Counsel of record